UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISPULO LOPEZ-FLORES,

       Plaintiff,                       CASE NO. 05-74391

v.                                         PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

GERALD A. BAGAZINSKI, P.C.,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL

Before the Court is Plaintiff's Motion to set aside the Court's December 29, 2005 dismissal. The Court dismissed Plaintiff's case because subject matter jurisdiction did not exist under 28 U.S.C. § 1331. In the instant motion, Plaintiff takes the position that federal jurisdiction exists based on diversity of state citizenship. Plaintiff argues that because he is a citizen of Puerto Rico and Defendant is a resident of Michigan, diversity jurisdiction applies.[1]

State citizenship for the purpose of the diversity requirement is equated with domicile. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980); *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027 (1st Cir. 1988). A person does not lose their previous domicile until a new one is acquired. *Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir. 1968). Residence in the new domicile and the person's intent to remain determine whether a new domicile has been established. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1073 (6th Cir. 1990); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

---

[1] Plaintiff does not allege diversity jurisdiction under 28 U.S.C. § 1332 in his Complaint.

For Plaintiff to establish Puerto Rican citizenship, Plaintiff must show that Puerto Rico is his domicile. *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). To acquire a domicile within a particular state or territory, a person must be physically present in the state and intend to make it his home indefinitely or lack the intention to make his home elsewhere. *Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 Fed. Appx. 726, 728 (6th Cir. 2002) (citing *Gilbert v. David*, 235 U.S. 561 (1915)); *Stifel*, 477 F.2d at 1120 (stating that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence). Here, Plaintiff resides in Detroit, Michigan. When Plaintiff filed his Complaint in case number 03-74416 and in this case, 05-74391, he listed a street address located in Detroit, Michigan. Thus, Plaintiff has not shown that he is domiciled in Puerto Rico for purposes of diversity jurisdiction. Therefore, the Court finds that subject matter jurisdiction does not exist based upon 28 U.S.C. § 1332.

Accordingly, the Court DENIES Plaintiff's Motion to Set Aside Dismissal.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 19, 2006.

s/Jonie Parker
Case Manager

2